UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID D'ANGELO,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## OPINION AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (dkt. #27), Defendant's response to the motion (dkt. #28), and Plaintiff's reply (dkt. #29). For the following reasons, the court grants the Plaintiff's motion and awards Plaintiff attorney fees in the amount of $3,531.60.

Plaintiff attended special education classes, has a ninth grade education, a general education diploma (GED), and completed training for machine shop work. On a form he submitted to the Defendant, he indicated he had a "learning impairment." (Tr. 35). Plaintiff proceeded through the hearing process without benefit of counsel. The medical evidence reviewed by the Administrative Law Judge (ALJ), which had been gathered and submitted by Plaintiff, included reports from: Dr. Sarvepalli, Plaintiff's treating physician, who reported abnormal findings including an MRI of the lower lumbrosacral spine and brain (Tr. 349) and mental restrictions in reading and writing (Tr. 350); Dr. Coretti, an orthopedic physician, who concluded that Plaintiff had "positive objective evidence to support the diagnosis of osteoarthritis of the hands, neck and lumbar spine (Tr. 204) and limited Plaintiff to sedentary

work (Tr. 204); and, Dr. Bleiberg, a specialist in physical medicine and rehabilitation, who recommended sedentary work and lifting no more than ten pounds (Tr. 206).  Plaintiff was fifty-four years old on his claimed disability onset date of May 15, 2002 (Tr. 36).

The ALJ rejected the opinions of Drs. Sarvepalli, Coretti and Bleiberg as unsupported by the evidence, and found that Plaintiff had the residual functional capacity for light work.  (Tr. 21).  The magistrate judge concluded that, considering Plaintiff was unrepresented, the ALJ failed to sufficiently develop the record.  In addition, the magistrate judge found that the vocational expert's testimony regarding whether Plaintiff could perform his past relevant work was unclear.  On January 22, 2007, the court adopted the recommendation of the magistrate judge, reversing the decision to deny benefits of the Commissioner of Social Security and remanding for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).[1]

Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Plaintiff seeks $3,531.60.  The amount is based upon attorney work hours of 22.50 prior to filing a reply to Defendant's objections to this motion (dkt. #27, Appendix B), and .75 hours of attorney work time for filing the reply, times an hourly rate of $152.50.  (Dkt. #29, ¶ 3).  The EAJA provides that eligibility for a fee award requires that (1) the claimant be the prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make the award unjust.  28 U.S.C. § 2412(d)(1)(A).[2]  Defendant

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . reversing the decision of the Commissioner of Social Security . . . [and] remanding the cause for a rehearing."  42 U.S.C. § 405(g), sentence four.

[2] "The court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A)

does not challenge Plaintiff's status as a "prevailing party," see Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is a prevailing party for purposes of the EAJA), nor contend that special circumstances would make the award unjust.  Defendant argues that Plaintiff's motion must be denied because the Commissioner's position was substantially justified.

The Commissioner's position is substantially justified if it is "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1998).  The Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2.  The Government has the burden of establishing that its position was substantially justified.  Scarborough v. Principi, 541 U.S. 404, 414 (2004).

Defendant contends under Social Security Ruling 96-5p, the Commissioner must re-contact medical providers only "[i]f the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record."  Here, because the three doctors stated the basis for their respective opinions, Social Security Ruling 96-5p does not apply.  Moreover, because the opinions of Dr. Bleiberg, Dr. Sarvepalli, and Dr. Coretti were not well-supported, the ALJ had no obligation to accept them.  The magistrate judge, however, focused on the well established principle that when "a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is

3

developed." Duncan v. Sec. of Health and Human Serv., 801 F.2d 847, 856 (6th Cir. 1986) (citing Lashley v. Sec. of Health and Human Serv., 708 F.2d 1048, 1051 (6th Cir. 1983); accord Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003); DeChirico v Callahan, 134 F.3d 1177, 1183 (2d Cir. 1998); Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir. 1997); Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996); Narrol v. Heckler, 727 F.2d 1303, 1306 (D.C.Cir. 1984). The administrative law judge must "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts . . .'" and be "'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Lashley at 1052 (quoting Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 43 (2d Cir.1972)). The court must "examine each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing." Duncan at 856.

In this case, not only was Plaintiff unrepresented through-out the hearing process but he also has some degree of learning impairment, which was clearly evidenced in the record. Although Plaintiff failed to sufficiently develop the record, unrepresented claimants "can hardly be expected to be familiar with the intricacies of the Secretary's Guidelines." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982). Under the circumstances, the ALJ did not satisfactorily discharge his "special duty" to develop the record. See e.g., Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) ("The [ALJ's] duty to of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel."). Accordingly, the court concludes that the Defendant's position was not substantially justified.

Defendant has not objected to the number of hours submitted by Plaintiff's attorney, nor the attorney's hourly rate. The court finds that Plaintiff's attorney is experienced in representing

social security claimants (dkt. #27, ¶s 17-18), and both the number of hours worked and the hourly rate are reasonable.

<u>Conclusion</u>

For the foregoing reasons, the court GRANTS the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (dkt. #27), and AWARDS the Plaintiff attorney fees in the amount of $3,531.60.

So ordered this 24th day of May, 2007.

       /s/ <u>Wendell A. Miles</u>
       Wendell A. Miles
       Senior U.S. District Judge